[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10310
_____

D.C. Docket No.  2:11-cv-00129-LGW-JEG


WILSON GORRELL,

Plaintiff-Appellant,


versus


ANTHONY HAYNES,
SCOTT SCHLEDER, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 28, 2014)

Before MARCUS and ANDERSON, Circuit Judges, and GOLDBERG,* Judge.

_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by
        designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully studied the briefs and the record.   For the reasons noted below and more fully explored at oral argument, we conclude that the judgment of the district court should be affirmed, although for reasons other than those articulated by the district court.  We note that plaintiff's only argument on appeal relates to the alleged failure of the defendants to provide the previously prescribed medicine for his HIV positive status.  We also note that he alleges having been deprived of this medicine for a total of fourteen or fifteen days, including three or four days between June 21 and June 24 or 25, 2011, four days between July 8 and July 12, 2011, and seven days between July 18 and July 25, 2011.  Only three defendants have appealed, Nurse Watson, Dr. Libero, and Warden Haynes.   We conclude that each is entitled to qualified immunity.

Both parties agree on the relevant standard, including a requirement that plaintiff prove deliberate indifference.   Deliberate indifference has three components:  (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than gross negligence.

Plaintiff first notified Nurse Watson that he was out of the medicine on July 11, 2011.  His prescription was refilled on the next day, July 12.   The only other notices to Nurse Watson with respect to plaintiff missing his medications came on July 18, 2011, and July 22, 2011.   In the July 18 notice (and restated in the July 22 notice), plaintiff expressly advised Nurse Watson that he "was not going to

2

continue the [antiretroviral] medication," and asked her to "[p]lease send down everything except the Atripla." Thus, with respect to the first two alleged lapses in receipt of medicine (June 21-24 and July 8-12), there is no allegation of knowledge on the part of Nurse Watson as to the first lapse and no possible violation with respect to the second. With respect to the last alleged lapse (July 17-25), we readily conclude that plaintiff has failed to allege facts rising to the level of deliberate indifference, in light of plaintiff's express instruction to Nurse Watson not to provide the relevant medicine.

We also conclude that Dr. Libero is entitled to qualified immunity. On June 30, 2011, plaintiff first complained to Dr. Libero about having missed his medicine. Of course, this was too late to put Dr. Libero on notice with respect to the first lapse between June 21 and 24. Plaintiff's second notice to Dr. Libero occurred on July 9, 2011. Because plaintiff has alleged that he was missing this medication from July 8 to July 12, and because plaintiff has alleged knowledge thereof on the part of Dr. Libero beginning on July 9, we assume that Dr. Libero could have, but did not, provide the medication before it was in fact provided on July 12.[1] Thus, we assume knowledge of the missing medication on the part of Dr. Libero for three days. However, there are no additional allegations of knowledge on the part of Dr. Libero that there was any interruption in the refilled

---

[1]    Our assumption involves not only a liberal assumption of all reasonable inferences in favor of plaintiff, but it also ignores plaintiff's later written statement that he had decided as of July 8, 2011, not to take his HIV medicine.

3

medication, beginning as of July 12. Thus, there are no allegations of knowledge on the part of Dr. Libero with respect to the third and final alleged lapse in medications (between July 17 and 25). We have reviewed the relevant case law. We note that there is no Eleventh Circuit or Supreme Court case holding that such a brief interruption in medication for an asymptomatic medical condition violates the Eighth Amendment. We also cannot conclude that the same would constitute such a violation as a matter of "obvious clarity." See Smith v. Carpenter, 316 F.3d 178, 181-82 (2d Cir. 2003) (describing a jury verdict finding that depriving the plaintiff of HIV medication on "two separate occasions for several days at a time" did not amount to an Eighth Amendment violation).

Finally, we conclude that Warden Haynes is entitled to qualified immunity. Plaintiff's first notice to him was on July 20, 2011. The medication was refilled on July 25. Thus, we assume knowledge on the part of the Warden for a maximum of five days.[2] For the reasons expressed with respect to Dr. Libero, we cannot conclude that there has been a violation of clearly established constitutional rights.

---

[2]     See note 1, supra.

For the foregoing reasons,[3] the judgment of the district court is

AFFIRMED.

---

[3]    In light of our disposition, considering not only the allegations explicitly made in the hearing (which the parties have characterized as the complaint colloquy hearing) but also the previous pleadings and exhibits attached, we need not address the other issues raised by plaintiff on appeal.  Nor do we believe that the district court abused its discretion in denying further amendments.  Not only was the district court liberal in allowing amendments, but we conclude that further pleading would be futile.